F I L E D
Clerk
District Court

NOV 22 2024

for the Northern Mariana Islands
By_____
JP
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

KYLE PODZIEWSKI,

                Plaintiff,

    v.

CABRAS MARINE CORP. and SAIPAN
CREWBOATS, INC.,

                Defendants.

Case No. 1:24-cv-00014

**DECISION AND ORDER
GRANTING PLAINTIFF'S
MOTION TO REMAND**

## I.     INTRODUCTION

On August 6, 2024, Plaintiff Kyle Podziewski ("Podziewski") initiated this civil lawsuit against Defendants Cabras Marine Corporation and Saipan Crewboats, Inc. (collectively, "Defendants") in the Superior Court for the Commonwealth of the Northern Mariana Islands ("CNMI") asserting one tort claim against both Defendants—negligence. (Compl. ¶ 37–41, ECF No. 1-2 at 7.) On September 12, 2024, Defendants removed the action to this Court, citing 28 U.S.C. §§ 1333(1) and 1446 as their grounds for doing so. (Not. Removal ¶¶ 4, 7, ECF No. 1 at 2–3.) Podziewski was not served with the Notice of Removal filed in this Court until September 20, 2024. (ECF No. 4 at 1–2.) On October 1, 2024, Podziewski filed his Motion to Remand pursuant to 28 U.S.C. § 1447(c). (Mot., ECF No. 8.) On October 15, 2024, the court granted the parties' Stipulation to take the October 31, 2024 Case Management Conference off the calendar in light of Podziewski's Motion to Remand and Defendants' forthcoming Motion to dismiss. (ECF Nos. 9–10.)

Before the court is Podziewski's Motion to Remand. (Mot.) The court heard argument on this Motion on November 7, 2024. (Mins., ECF No. 19.) Because Defendants have not

1   sufficiently established that removal of this matter is proper, the court grants Podziewski's

2   Motion to Remand this action back to the Superior Court.

3   **II.    BACKGROUND**

4   Podziewski is a United States Citizen residing in Saipan, CNMI. (Compl. ¶ 2.) Defendant

5   Cabras Marine Corporation ("CMC") is a Guam corporation engaged in business in Guam and

6

7   the CNMI. (*Id.* at ¶ 3; CMC Answer ¶ 3, ECF No. 3 at 2.) Defendant Saipan Crewboats, Inc.

8   ("SCI") is a CNMI corporation engaged in business in the CNMI. (Compl. ¶ 4; SCI Answer ¶ 4,

9   ECF No. 2 at 2.)

10  Podziewski alleges that "[a]t all times relevant, SCI and CMC jointly provided ferry

11  services for passengers and cargo transportation between the ships of the Martime Prepositioning

12

13  force in the Marianas at their locations of anchorage and shore." (Compl. ¶ 7.) Podziewski alleges

14  that he was a passenger of the ferry services jointly provided by the Defendants when he was

15  injured, and that Defendant CMC owned the vessel he was riding and that caused his injuries.

16  (*Id.* at ¶¶ 6–9, 21–28.) Podziewski claims that on or about January 26, 2024, Defendants breached

17  the duty of care they owed to him, causing his foot and leg to be crushed between two ships. (*Id.*

18  at ¶¶ 9, 28, 40.)

19  **III.   LEGAL STANDARDS**

20  **A.  Removal and Remand**

21  28 U.S.C. § 1441(a) allows defendants to remove civil actions brought in state courts

22  over which federal district courts have original jurisdiction to a district court. Because there is a

23

24  presumption against removal, the defendant bears the burden of establishing the propriety of

25  removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (internal

26  citation omitted). A motion to remand under 28 U.S.C. § 1447(c) is the proper procedure for

27  challenging removal. *Id.* "The removal statute is strictly construed, and any doubt about the right

28

1  of removal requires resolution in favor of remand." *Id.* (citing *Gaus v. Miles Inc.*, 980 F.2d 564,

2  566 (9th Cir. 1992)). When ruling on a motion to remand, the court looks to the plaintiff's

3  complaint, as it is stated at the time of removal, and the defendant's notice of removal. 16

4  MOORE'S FEDERAL PRACTICE, Civil § 107.151 (3d ed. 2024) (internal citations omitted); *see*

5  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

6      Defendants have alleged that removal is proper because this Court has original

7  jurisdiction over this matter under 28 U.S.C. § 1333(1) ("Section 1333(1)"), which governs

8  admiralty or maritime cases (Not. Removal ¶ 4), and further, that this Court has exclusive

9  jurisdiction over this matter under two other federal statutes, the Suits in Admiralty Act ("SAA")

10  and/or the Public Vessels Act ("PVA") (Opp'n, ECF No. 11 at 3–6).

11          **B.  Section 1333(1) Admiralty or Maritime Cases**

12      28 U.S.C. § 1333(1) states that "[t]he district courts shall have original jurisdiction,

13  exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction,

14  saving to suitors in all cases all other remedies to which they are otherwise entitled." However,

15  the "saving to suitors" clause within 28 U.S.C. § 1333(1) bars removal of general maritime

16  claims to federal court unless diversity jurisdiction or an independent basis for federal question

17  jurisdiction applies. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 362–70 (1951);

18  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001). The saving to suitors

19  clause does not apply to claims falling under the coverage of the SAA or the PVA——claims

20  which belong to the exclusive jurisdiction of the federal district courts. *Guidry v. Durkin*, 834

21  F.2d 1465, 1473 (9th Cir. 1987); *see infra* § III.C.

22          **C.  SAA and PVA**

23      The SAA——codified at 46 U.S.C. §§ 30901–30918——and PVA——codified at 46

24  U.S.C. §§ 31101–31113——are interrelated statutes. *Guidry*, 834 F.2d. at 1472. Neither the SAA

- 3 -

nor the PVA provides a cause of action; they merely operate to waive the sovereign immunity of the United States. *See Nelson v. United States*, 639 F.2d 469, 473 (9th Cir. 1980); *Allen v. United States*, 338 F.2d 160, 162 (9th Cir. 1964). Under the SAA, in relevant part, "a civil action in admiralty in personam may be brought against the United States" in cases where, "if a vessel were privately owned or operated . . . a civil action in admiralty could be maintained." 46 U.S.C. § 30903. Under the PVA, in relevant part, "[a] civil action in personam in admiralty may be brought, or an impleader filed, against the United States for . . . damages caused by a public vessel of the United States." 46 U.S.C. § 31102.

Claims asserted under the SAA or PVA belong to the exclusive jurisdiction of the federal district courts. *Guidry*, 834 F.2d at 1473. Furthermore, if the SAA or PVA cover a claim, any other action "arising out of the same subject matter against the officer, employee, or agent of the United States . . . whose act or omission gave rise to the claim" is prohibited. 46 U.S.C. §§ 30904 (SAA), 31103 (PVA incorporating SAA exclusivity provision by reference); *Dearborn v. Mar Ship Operations, Inc.*, 113 F.3d 995, 996–97 (9th Cir. 1997).

## IV.    DISCUSSION

The court grants Plaintiff Podziewski's Motion to Remand for two reasons. First, 28 U.S.C. § 1333(1)'s saving to suitors clause prohibits Defendants' removal of Podziewski's claims. Second, although the saving to suitors clause does not apply to claims under the SAA and/or PVA, Defendants have failed to establish that the provisions of the SAA and/or PVA apply and therefore preclude a state court action here.

### A.  28 U.S.C. § 1333(1) prohibits removal in this case.

The saving to suitors clause prohibits removal of Podziewski's general maritime claims under *Romero*, 358 U.S. at 371. Further, this Court follows the reasoning of the majority of district courts and finds that the 2011 Amendments to 28 U.S.C. § 1441 did not abrogate the

Supreme Court's holding in *Romero*; thus, the saving to suitors clause continues to preclude the

removal by a defendant of general maritime claims filed by plaintiffs in state court to federal

court.

> **1. Podziewski's negligence claim is a general maritime claim within the scope of the saving to suitors clause under *Romero*.**

Under *Romero*, the saving to suitors clause within 28 U.S.C. § 1333(1) bars removal of

general maritime claims to federal court "absent some other jurisdictional basis, such as diversity

or federal question jurisdiction." *Morris*, 236 F.3d at 1069 (citing *Romero*, 358 U.S. at 371)

(other citation omitted). "Drawn from state and federal sources, the general maritime law is an

amalgam of traditional common-law rules, modifications of those rules, and newly created

rules." *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864–65 (1986). General

maritime law incorporates "maritime tort principles," including a "general theory of liability for

negligence." *Id.* at 859, 865; *see* 1 THOMAS J. SCHOENBAUM, ADMIRALTY & MAR. LAW § 5:4

(6th ed. 2024) (negligence may be invoked by anyone who suffers injury or loss in admiralty

setting, and is actionable wrong under general maritime law).

Here, Podziewski's Complaint asserts a negligence claim against the Defendants as the

provider of the ferry services he utilized and operator of the vessel which caused his injuries.

(Compl. ¶¶ 37–41.) Accordingly, Podziewski has alleged general maritime claims which fall

under the saving to suitors clause under *Romero*. *See e.g.*, *Dirkse v. Nu Venture Diving Co.*, No.

LACV1708554JAKMRWX, 2018 WL 6133683, at *1, 6 (C.D. Cal. May 21, 2018) (finding

plaintiff's negligence and other general maritime claims covered by saving to suitors clause).

Defendants do not object to the characterization of Podziewski's negligence claims as general

maritime claims or argue that diversity jurisdiction is present in this case. Rather, Defendants

argue that 1) *Romero* is no longer good law and 2) the SAA and/or PVA apply in this case,

barring the application of the saving to suitors clause and invoking the district court's exclusive

jurisdiction. The court proceeds to address why each of these arguments fails.

### 2.  2011 Amendments to 28 U.S.C. § 1441 did not abrogate *Romero*.

Defendants argue that this court should follow the decisions of district courts finding that

the 2011 Amendments to 28 U.S.C. § 1441 abrogated *Romero*'s holding, and that general

maritime claims are thus now removable to federal court despite the saving to suitors clause.

(Opp'n at 6–7.) In support of this assertion, Defendants rely on the district court case of *Ryan v.*

*Hercules*, 945 F. Supp 2d 772 (S.D. Tex. 2013) and several other district court decisions from

the Southern District of Texas and the Middle District of Louisiana. (Opp'n at 6.) For the

following reasons, this Court declines to follow the *Ryan* decision.

In 2011, Congress amended 28 U.S.C. § 1441, which provides the basis for removal of

civil actions to federal court. Federal Courts Jurisdiction and Venue Clarification Act of 2011,

Pub. L. No. 112-63, 125 Stat. 758 (2011). Prior to the 2011 Amendments, 28 U.S.C. § 1441(a)–

(b) stated:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

After the 2011 Amendments, 28 U.S.C. § 1441(a)–(b) now states:

(a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Based on the amendment to subsection (b), some district courts have interpreted the 2011 Amendments to abolish the limitation on removing general maritime claims to federal court. *See e.g.*, *Ryan*, 945 F. Supp. 2d at 777–78. *Ryan* articulated the following reasoning. Prior to the 2011 Amendments, courts found that general maritime claims could not be removed under 28 U.S.C. § 1441(a) because of Section 1441(b). *Id.* at 776. Courts interpreted Section 1441(b) to be an "Act of Congress" under Section 1441(a) that precluded removal of general maritime claims absent the presence of diversity jurisdiction because general maritime claims do not arise "under the Constitution, treaties or laws of the United States" as that phrase is used in Section 1441(b). *Id.* Because the 2011 Amendments clarified that Section 1441(b) only applied to cases invoking diversity jurisdiction, *Ryan* held that Section 1441(b) no longer constitutes an "Act of Congress" that limits the removal of general maritime claims under Section 1441(a). *Id.* at 777–78.

A majority of district courts, including Ninth Circuit district courts, have declined to follow *Ryan*. 14A WRIGHT & MILLER, 14A FED. PRAC. & PROC. JURIS. § 3674 (4th ed. 2024); *see e.g.*, *Bartman v. Burrece*, No. 3:14-CV-0080-RRB, 2014 WL 4096226, at *3–4 (D. Alaska Aug. 18, 2014); *Dirkse*, 2018 WL 6133683, at *3; *Phipps v. Noell Crane Sys.*, No. CV 18-1922 FMO (EX), 2018 WL 6137181, at *2 (C.D. Cal. May 21, 2018). The Ninth Circuit has not yet

decided whether defendants may now remove general maritime claims under Section 1441. In *Bartman*, the district court found that although the 2011 Amendments "removed language which required diversity for removal of claims not based on federal law[,] . . . removal based on admiralty jurisdiction is still limited by . . . the 'saving to suitors' clause in the grant of original jurisdiction under 28 U.S.C. § 1333 . . ." 2014 WL 4096226, at \*3. In *Dirkse*, the district court found that based on "established canons of statutory construction" and the legislative history behind the 2011 Amendments, "it is highly implausible that Congress intended to effect a reversal of several decades of case law holding that maritime claims may not be removed absent an independent basis for federal jurisdiction." 2018 WL 6133683, at \*6 (internal quotations and citations omitted). This Court finds the reasoning of *Bartman* and *Dirkse* persuasive. Thus, *Romero* remains good law.

### 3. Defendants have failed to establish that removal is proper under the SAA and/or PVA.

Defendants have failed to prove Podziewski's exclusive remedy is against the United States under the SAA and/or PVA, and thus that this Court has exclusive jurisdiction over his claim. Further, even if a remedy against the United States were available, Defendants have failed to demonstrate that they are agents of the United States within the meaning of the SAA and/or PVA and that, as a result, this Court has exclusive jurisdiction over this matter.

#### a. This Court does not have exclusive jurisdiction because Podziewski does not have a remedy against the United States under the SAA and/or PVA.

The saving to suitors clause does not apply to claims falling under the coverage of the SAA or the PVA, as SAA and PVA claims belong to the exclusive jurisdiction of federal district courts. *Guidry*, 834 F.2d at 1473 (9th Cir. 1987). (Opp'n at 4–5; Reply, ECF No. 16 at 2.) Defendants argue "[t]he Complaint pleads a maritime claim within the coverage of the PVA and SAA because the Plaintiff alleges he was injured on a federally owned vessel and injured by

such vessel. Thus, his exclusive remedy is under either statute and against the United States."

(Opp'n at 5.) In reply, Podziewski explains that he "did not sue the United States Government

as the negligent acts were only done by Defendants . . . Nothing in the record supports

Defendants' argument that Mr. Podziewski was already on a federal vessel or that his injuries

were caused by a public vessel." (Reply at 1–2.)

While Podziewski may have been injured when he was on "[a] ladder … attached

permanently to the rear of the prepositioning ship" (Compl. ¶¶ 17, 20, 28, 30), with the

prepositioning ship being a federally owned vessel (*see id.* ¶ 7), that alone is insufficient to

establish that Podziewski's claims fall under the coverage of the SAA or PVA. In *Ali v. Rogers*,

the Ninth Circuit explained that the SAA covers claims where "a vessel is owned by the United

States, and someone is harmed by the vessel or one of its employees," 780 F.3d 1229, 1233 (9th

Cir. 2015); the court later articulated that the PVA applied to plaintiff's claims because he was

injured on a public vessel by conduct resulting from the vessel's operation, *id.* at 1236. The

record before the court does not support that a federally owned vessel caused Podziewski's

injuries, a United States employee caused Podziewski's injuries, or that conduct resulting from

the operation of a federally owned vessel caused Podziewski's injuries.[1] (*See* Reply at 1–2.) On

the contrary, the record thus far suggests that the actions of Defendants and their employees were

the but-for cause of Podziewski's injuries. (*See* Compl. ¶¶ 13–28.) Accordingly, the court must

remand the case. *See Gaus*, 980 F.2d at 566 (internal citation omitted) (federal court must remand

case if any doubt about propriety of removal).

---

[1] At oral argument, Defendants suggested they were bound by the facts alleged in the Complaint. However, Defendants were free to allege additional facts to support their argument that the United States was the responsible party in their Notice of Removal. *See Singer*, 116 F.3d at 377 (when ruling on motion to remand, court may consider facts in removal petition in addition to allegations in complaint).

1
2
          **b.   Even if Podziewski had a remedy against the United States, this Court does not have exclusive jurisdiction over his claims because Defendants are not agents of the United States.**

3

4               The SAA and PVA dictate that if either statute provides a remedy, any other action

5 "arising out of the same subject matter against the officer, employee, or agent of the United

6 States . . . whose act or omission gave rise to the claim" is prohibited. 46 U.S.C. §§ 30904 (SAA),

7 31103 (PVA incorporating SAA exclusivity provision by reference); *Dearborn*, 113 F.3d at 996–

8 97. In other words, "where a remedy lies against the United States, a suit against an agent[2] of the

9 United States 'by reason of the same subject matter' is precluded." *Dearborn*, 113 F.3d at 997.

10 In defining what constitutes an agent under the SAA and PVA, the Ninth Circuit has looked to

11 the common law definition as articulated in the Restatement of Agency. *Id.* at 997. The

12 Restatement of Agency defines an agency relationship as "the fiduciary relationship that arises

13 when one person (a 'principal') manifests assent to another person (an 'agent') that the agent

14 shall act on the principal's behalf and subject to the principal's control, and the agent manifests

15 assent or otherwise consents so to act." Restatement (Third) of Agency § 1(1) (2006). The key

16
17 question is whether the United States exerts "significant overall control and direction" over the

18 entity. *See Dearborn*, 113 F.3d at 998.[3]

19

20               Defendants here fall decidedly short of the agency standard. Although Defendants assert

21 that they are agents of the United States because they "jointly provided ferry services between

22 the ships of the Maritime Prepositioning force in the Marianas at their locations of anchorage

23 and shore" (Opp'n at 5), they have not alleged any facts demonstrating that the United States

24

25

26 [2] Defendants do not argue, and the record does not demonstrate that they were officers or employees of the United States.

27 [3] The Ninth Circuit has found two factors to be dispositive when considering whether a private entity under contract with the United States to operate a public vessel is an agent of the United States: "1) the United States must exercise significant control over the charterer's activities—either day to day control or overall control and

28 direction of the mission, and 2) the charterer must be engaged in conducting the business of the United States." *Dearborn*, 113 F.3d at 997–98.

exercised substantial control and direction over them and their activities. In fact, at oral argument, Defendants indicated they do not have a contract with the United States and that they are unable to prove they are agents of the United States at this time. Accordingly, Defendants have failed to meet their burden to establish that they are agents of the United States under the SAA and/or PVA; thus, the court must remand this case. *See e.g.*, *Creps v. Truco Marine, LLC*, 2011 WL 5577083, at *3 (N.D. Cal. Nov. 8, 2011) (remanding case when defendant failed to establish agency relationship with United States).

## V.   CONCLUSION

For the foregoing reasons, the court concludes that removal of this matter from the Superior Court is improper. Accordingly, the court REMANDS this matter to the CNMI Superior Court. If through the course of litigation, Defendants ascertain that the case becomes removable, they are free to file a renewed notice of removal pursuant to 28 U.S.C. § 1446(b)(3).

IT IS SO ORDERED this 22nd day of November, 2024.

RAMONA V. MANGLONA
Chief Judge